IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

CONNIE BILL STIDHAM,

    Plaintiff,

      v.

UNITED STATES OF AMERICA,

    Defendant.

CIVIL ACTION FILE
NO. 1:13-CV-1093-TWT

## OPINION AND ORDER

This is a medical malpractice case arising under the Federal Tort Claims Act. It is before the Court on the Defendant's Motion to Dismiss [Doc. 2] the Plaintiff's Complaint. For the reasons set forth below, the Defendant's Motion to Dismiss is DENIED.

## I. Background

This lawsuit arises out of treatment received by the Plaintiff Connie Bill Stidham at the VA Medical Center in Decatur, GA. The Plaintiff was injured in a motor vehicle accident on July 12, 2010. (Compl. ¶ 13.) He was initially transported to the Gwinnett Medical Center where he was told that he needed surgery to correct a tibial fracture. (Compl. ¶¶ 14-15.) The Plaintiff, a veteran, instead chose to seek

treatment at the local VA Medical Center on July 13, 2010. (Compl. ¶¶ 16-17.) There, he was told that the swelling was too involved for immediate surgery. (Compl. ¶ 17.) He was given a knee brace and sent home. (Compl. ¶ 17.)

The Plaintiff then returned to the VA Medical Center on July 16, 2010, and was told he did not need surgery for his tibial fracture. (Compl. ¶ 18.) Instead, the doctor instructed him to wear a locking PCL knee brace. (Compl. ¶ 19.) The Plaintiff was told to wear the previous brace he had been given until the PCL knee brace arrived. (Compl. ¶ 21.) However, an order for the new brace was not placed until January 5, 2011, six months after it had been prescribed. (Compl. ¶ 26.) The order was also for the wrong type of brace. (Compl. ¶ 27.) Another brace was then procured for the Plaintiff, and it was again the incorrect brace. (Compl. ¶ 29.) Finally, on June 6, 2011, the Plaintiff was given the correct brace. (Compl. ¶ 36.)

As a result of the alleged negligence of the VA Medical Center personnel, the Plaintiff claims that his right knee is permanently damaged. (Compl. ¶ 38.) He further alleges that "he will be forced to wear two braces and walk with a cane, suffer significant pain with each step, require daily narcotic pain medication, and live with the fact that he will never be able to resume a normal gait." (Compl. ¶ 33.)

## II. Legal Standard

A complaint should be dismissed under Rule 12(b)(6) only where it appears that the facts alleged fail to state a "plausible" claim for relief.  <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937, 1949 (2009); Fed. R. Civ. P. 12(b)(6).  A complaint may survive a motion to dismiss for failure to state a claim, however, even if it is "improbable" that a plaintiff would be able to prove those facts; even if the possibility of recovery is extremely "remote and unlikely."  <u>Bell Atlantic v. Twombly</u>, 550 U.S. 544, 556 (2007).  In ruling on a motion to dismiss, the court must accept the facts pleaded in the complaint as true and construe them in the light most favorable to the plaintiff.  <u>See</u> <u>Quality Foods de Centro America, S.A. v. Latin American Agribusiness Dev. Corp., S.A.</u>, 711 F.2d 989, 994-95 (11th Cir. 1983); <u>see also</u> <u>Sanjuan v. American Bd. of Psychiatry and Neurology, Inc.</u>, 40 F.3d 247, 251 (7th Cir. 1994) (noting that at the pleading stage, the plaintiff "receives the benefit of imagination").  Generally, notice pleading is all that is required for a valid complaint.  <u>See</u> <u>Lombard's, Inc. v. Prince Mfg., Inc.</u>, 753 F.2d 974, 975 (11th Cir. 1985), <u>cert. denied</u>, 474 U.S. 1082 (1986).  Under notice pleading, the plaintiff need only give the defendant fair notice of the plaintiff's claim and the grounds upon which it rests.  <u>See</u> <u>Erickson v. Pardus</u>, 551 U.S. 89, 93 (2007).

### III. Discussion

The only issue before the Court is whether O.C.G.A. § 9-11-9.1 applies to actions brought in federal court. Under Georgia law, a party asserting a claim for professional malpractice must file with the complaint "an affidavit of an expert competent to testify" setting forth "specifically at least one negligent act or omission claimed to exist and the factual basis for each such claim." O.C.G.A. § 9-11-9.1(a). The Plaintiff did not attach such an affidavit to his Complaint. The Defendant argues that this pleading requirement applies in federal court, and that the Plaintiff's failure to satisfy it warrants dismissal. The Plaintiff argues, conversely, that he need only satisfy the requirements set forth in Rule 8(a) of the Federal Rules of Civil Procedure.[1]

Although the Eleventh Circuit has not expressly addressed this question, Brown v. Nichols, 8 F.3d 770, 774 (11th Cir. 1993) ("We . . . need not reach the question of whether § 9-11-9.1 actually applies in federal court."), Judges of this Court have

---

[1] The cause of action in this case arises under the Federal Tort Claims Act. The FTCA operates as a limited waiver of sovereign immunity so that, subject to certain limitations, federal officials may be liable under state law to the same extent as private individuals. See Pate v. Oakwood Mobile Homes, Inc., 374 F.3d 1081, 1084 (11th Cir. 2004). Consequently, state law governs liability. See Creekmore v. United States, 905 F.2d 1508, 1510 (11th Cir. 1990) ("The Federal Tort Claims Act requires us to apply state law to determine the substantive liability of the United States."). "In FTCA cases"--like with diversity jurisdiction actions--"state law applies to substantive questions and federal rules govern procedural matters." Gil v. Reed, 535 F.3d 551, 558 n.2 (7th Cir. 2008).

previously found that O.C.G.A. § 9-11-9.1 does not apply to actions in federal court, Baird v. Celis, 41 F. Supp. 2d 1358, 1362 (N.D. Ga. 1999) ("Plaintiff is not bound by O.C.G.A. § 9-11-9.1 in this Court."). Since Baird, this Court has repeatedly reached the same conclusion. See, e.g., Zurich Am. Ins. Co. v. Sheffer Eng'g Co., Inc., Civ. A. 109-cv-666-RWS, 2011 WL 344095, at *4 (N.D. Ga. Jan. 31, 2011) ("[T]his Court has consistently held that O.C.G.A. § 9-11-9.1 does not apply in federal court."); Robinson v. Correctional Medical Associates, Inc., Civ. A. 1:09-cv-1509-JOF, 2010 WL 2499994, at *4 (N.D. Ga. June 15, 2010) ("[T]he court finds that the affidavit requirement of O.C.G.A. § 9-11-9.1 is contrary to the Federal Rules of Civil Procedure and does not apply in this case."); Larson v. Grayer, Civ. A. 109-cv-1501-RWS, 2009 WL 4281100, at *1 (N.D. Ga. Nov. 23, 2009); Botes v. Steel, Civ. A. 108-cv-02854-CAM, 2010 WL 1080752, at *5 (N.D. Ga. Mar. 17, 2010). The Court now concludes, again, that O.C.G.A. § 9-11-9.1 does not apply to actions in federal court.

In Hanna v. Plumer, 380 U.S. 460 (1965), the Supreme Court "set forth the appropriate test for resolving conflicts between state law and the Federal Rules." Burlington N. R. Co. v. Woods, 480 U.S. 1, 4 (1987). The first step is to resolve whether there actually is a conflict. The Court must "determine whether, when fairly construed, the scope of [the] Federal Rule . . . is 'sufficiently broad' to cause a 'direct

collision' with the state law or, implicitly, to 'control the issue' before the court, thereby leaving no room for the operation of that law." Id. at 4-5. If it is, "[t]he Rule must then be applied if it represents a valid exercise of Congress' rulemaking authority, which originates in the Constitution and has been bestowed on this Court by the Rules Enabling Act."[2] Id.

Rule 8(a) is sufficiently broad to control the issue of whether the Plaintiff's Complaint must be accompanied by an expert affidavit. Rule 8(a) certainly applies to the Plaintiff's claim,[3] see Swierkiewicz v. Sorema N. A., 534 U.S. 506, 513 (2002) ("Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions."), and it requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," FED. R. CIV. P. 8(a)(2). Under this pleading standard, "a plaintiff's allegations need only be sufficiently detailed-at least for the

---

[2] However, "[i]f a federal statute or Rule of Civil Procedure does not sufficiently cover the disputed issue, Hanna requires that the district court consider . . . whether application of federal judge-made law would disserve the twin aims of the Erie rule: discouragement of forum shopping and avoidance of inequitable administration of the laws." Alexander Proudfoot Co. World Headquarters v. Thayer, 877 F.2d 912, 917 (11th Cir. 1989).

[3] The Plaintiff asserted a medical malpractice claim. To prevail, he must establish: "(1) the duty inherent in the health care provider-patient relationship; (2) breach of that duty by failing to exercise the requisite degree of skill and care; and (3) that this failure is the proximate cause of the injury sustained." Renz v. Northside Hosp., Inc., 285 Ga. App. 882, 885 (2007).

purpose of stating an adequate claim on the merits-to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Weissman v. National Ass'n of Sec. Dealers, Inc., 500 F.3d 1293, 1304 (11th Cir. 2007). This represents a policy judgment that plausible claims which lack merit for evidentiary reasons should be disposed of on summary judgment. See Swierkiewicz, 534 U.S. at 512 ("This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to . . . dispose of unmeritorious claims."). Indeed, this Court has previously found that a professional malpractice claim is unlikely to survive summary judgment if the plaintiff has not provided expert testimony. See Botes, 2010 WL 1080752, at *6 ("[A]lthough a plaintiff alleging legal malpractice in a federal diversity action governed by Georgia law need not attach an expert affidavit to his complaint, he must present 'the testimony of an expert witness' to 'create an issue of fact' for trial 'concerning alleged legal malpractice.'"). Thus, Rule 8(a) is inconsistent with O.C.G.A. § 9-11-9.1, which establishes a more stringent pleading requirement. See, e.g., Vitner v. Miller, 223 Ga. App. 692, 693 (1996) ("Vitner . . . contends . . . that the expert affidavit . . . was insufficient. . . .We disagree. OCGA § 9-11-9.1 merely imposes an initial pleading requirement."); 0-1 Doctors Mem'l Holding Co. v. Moore, 190 Ga. App. 286, 287 (1989) ("We construe OCGA § 9-11-9.1 as establishing an exception to the general liberality of pleading.").

In response, the Defendant cites to one Eleventh Circuit case, <u>Nelson v. U.S.</u>, 478 Fed. Appx. 647 (11th Cir. 2012). That case dealt with a Missouri affidavit requirement similar to O.C.G.A. § 9-11-9.1. The district court dismissed the plaintiff's claim because he failed to "identify an expert witness" and failed to "provide an affidavit in support of his claims." <u>Id.</u> at 647. In agreeing that the failure to satisfy the affidavit requirement justified dismissal, the Eleventh Circuit stated, in full: "Nelson never provided the required affidavit; thus, dismissal without prejudice was permissible on this basis as well."[4] <u>Id.</u> To begin, <u>Nelson</u> is not binding precedent. <u>See</u> 11th Cir. R. 36-2; <u>Solis v. A? Nursetemps, Inc.</u>, 5:07-CV-182-OC-10PRL, 2013 WL 1395863, *5 n.9 (M.D. Fla. Apr. 5, 2013) ("Decisions published in the Federal Appendix are not binding precedent, but may be cited as persuasive authority."). In

---

[4] The Eleventh Circuit also based its decision on another conclusion. Because Missouri law requires expert testimony to establish an element of the claim (standard of care), it found that the failure to name an expert witness meant that the plaintiff did not state a viable claim. <u>See</u> <u>Nelson</u>, 478 Fed. Appx. at 648 ("Nelson never disclosed a medical expert. Therefore, Nelson did not support his medical malpractice claim with evidence of the applicable medical standard of care, and his claim was due to be dismissed on this basis."). To the extent that this suggests that a federal court must adhere to state laws governing evidence sufficiency, that conclusion would be inconsistent with controlling precedent. <u>See</u> <u>Daniels v. Twin Oaks Nursing Home</u>, 692 F.2d 1321, 1323-24 (11th Cir. 1982) ("[U]nder Erie federal law controls questions of the sufficiency of the evidence in state law claims."); <u>Cater v. Gordon Transp., Inc.</u>, 390 F.2d 44, 46 (5th Cir. 1968) (When "[t]he question is not whether a certain element is a part of a prima facie case which must be proven, but only whether certain facts are sufficient to prove the state-determined elements," a court must look to "federal and not state law.").

Caster v. Hennessey, 781 F.2d 1569, 1570 (11th Cir. 1986)--which is binding--the Eleventh Circuit stated that "a federal court need not adhere to a state's strict pleading requirements but should instead follow Fed.R.Civ.P. 8(a)." Further, unlike in Caster where the Eleventh Circuit assessed whether the state rule was controlling under the Hanna test, no similar analysis took place in Nelson. Thus, even as persuasive authority, Nelson does not compel the Court to reach a different conclusion. Given that Rule 8(a) is controlling, and that the Defendant is not arguing that it exceeds Congress' rule-making authority, the motion to dismiss should be denied.

## IV. Conclusion

For these reasons, the Court DENIES the Defendant's Motion to Dismiss [Doc. 2].

SO ORDERED, this 2 day of January, 2014.


/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge