IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

CONNIE BILL C.B. STIDHAM,

    Plaintiff,

      v.

                            CIVIL ACTION FILE
                            NO. 1:13-CV-1093-TWT

UNITED STATES OF AMERICA,

    Defendant.

## OPINION AND ORDER

This is a medical malpractice case arising under the Federal Tort Claims Act. It is before the Court on the Defendant's Motion for Summary Judgment [Doc. 17]. For the reasons set forth below, the Defendant's Motion for Summary Judgment [Doc. 17] is GRANTED.

## I. Background

On July 12, 2010, the Plaintiff Connie Bill Stidham was in a motor vehicle accident.[1] On July 16, 2010, the Plaintiff visited the Veterans Administration Medical Center ("VAMC") in Atlanta, Georgia to receive medical care for his injuries.[2] A

---

[1]     Def.'s Statement of Facts ¶ 1.

[2]     Id. ¶ 2.

nurse practitioner – Deborah Wilson – assisted the Plaintiff, and informed him that he would need to wear a knee brace.[3] The events that followed gave rise to this action.

In his Complaint, the Plaintiff claimed that the VAMC unreasonably delayed providing him with the required knee brace.  In particular, the Plaintiff alleged that, although the knee brace was prescribed on July 16, 2010, he did not receive it until June 6, 2011.[4] However, the Defendant's Statement of Facts – which the Plaintiff did not file a response to – refutes the Plaintiff's narrative. According to the Defendant, Wilson prescribed three different knee braces for the Plaintiff.[5] The Plaintiff was then immediately issued two of the prescribed knee braces by the VAMC's prosthetic-orthotics department.[6] The third prescribed knee brace, however, was not in stock on July 16, 2010.[7] Thus, when the third prescribed knee brace was acquired by the VAMC, it was mailed to the Plaintiff on August 10, 2010.[8] The Defendant now

---

[3]     Id. ¶ 20.

[4]     Id. ¶¶ 5, 11.

[5]     Id. ¶ 20.

[6]     Id. ¶¶ 21-22.

[7]     Id. ¶ 24.

[8]     Id. ¶ 25.

moves for summary judgment. The Plaintiff has not submitted a response, a statement of material facts, or any expert testimony.

## II. Legal Standard

Summary judgment is appropriate only when the pleadings, depositions, and affidavits submitted by the parties show that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law.[9] The court should view the evidence and any inferences that may be drawn in the light most favorable to the nonmovant.[10] The party seeking summary judgment must first identify grounds that show the absence of a genuine issue of material fact.[11] The burden then shifts to the nonmovant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact does exist.[12] A "mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be a sufficient showing that the jury could reasonably find for that party."[13] Additionally, the Court "cannot base the entry of summary judgment on the mere fact that the motion was

---

[9]   FED. R. CIV. P. 56(c).

[10]   Adickes v. S.H. Kress & Co., 398 U.S. 144, 158-59 (1970).

[11]   Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986).

[12]   Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986).

[13]   Walker v. Darby, 911 F.2d 1573, 1577 (11th Cir.1990).

unopposed, but, rather, must consider the merits of the motion."[14] However, the Court "need not sua sponte review all of the evidentiary materials on file at the time the motion is granted, but must ensure that the motion itself is supported by evidentiary materials."[15]

### III. Discussion

Under the Federal Tort Claims Act, "the United States is liable for tortious conduct in the same manner and to the same extent as a private individual under like circumstances after applying the applicable law in the same jurisdiction."[16] Congress' "chief intent in drafting the FTCA was simply to provide redress for ordinary torts recognized by state law."[17] The Defendant "can only be found liable if a comparable private party would likewise be liable under Georgia law."[18]

The Plaintiff claims that the VAMC committed medical malpractice. Under Georgia law, the Plaintiff must establish three elements to prevail on a medical

---

[14]   United States v. One Piece of Real Prop. Located at 5800 SW 74th Ave., Miami, Fla., 363 F.3d 1099, 1101 (11th Cir. 2004).

[15]   Id.

[16]   Turner ex rel. Turner v. United States, 514 F.3d 1194, 1203 (11th Cir. 2008) (citing 28 U.S.C. § 2674) (internal quotation marks omitted).

[17]   Id.

[18]   Pate v. Oakwood Mobile Homes, Inc., 374 F.3d 1081, 1084 (11th Cir. 2004).

malpractice claim: "the doctor's duty to his patient; the doctor's breach of that duty through the failure to exercise the requisite degree of skill and care; and an injury proximately caused by the doctor's failure."[19] The Georgia Supreme Court has made clear that "[i]n an action brought by a patient against his physician or surgeon for malpractice, the presumption is that the medical or surgical services were performed in an ordinarily skil[l]ful manner, and the burden is on the one receiving the services to show a want of due care, skill, and diligence."[20] The court further explained that "a plaintiff ordinarily must present testimony from doctors as expert witnesses to overcome the presumption of due care and establish a doctor's negligence."[21]

Here, based on the Defendant's uncontested statement of facts, the Plaintiff was in possession of the three knee braces within a month of receiving the prescription from Wilson. The Plaintiff has submitted no expert testimony indicating that this minor delay constituted a breach of the applicable standard of care, or that it proximately caused any further injury. Because a rational trier of fact could not find

---

[19]   Haughton v. Canning, 287 Ga. App. 28 (2007).

[20]   Beach v. Lipham, 276 Ga. 302, 303 (2003) (internal quotation marks omitted).

[21]   Id.

for the Plaintiff based on the evidence in the record,[22] the Defendant is entitled to

judgment as a matter of law.[23]

## IV. Conclusion

For these reasons, the Court GRANTS the Defendant's Motion for Summary

Judgment [Doc. 17].

SO ORDERED, this 5 day of January, 2015.


/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge

---

[22]     See Zwiren v. Thompson, 276 Ga. 498, 500 (2003) ("In order to establish proximate cause by a preponderance of the evidence in a medical malpractice action, the plaintiff must use expert testimony because the question of whether the alleged professional negligence caused the plaintiff's injury is generally one for specialized expert knowledge beyond the ken of the average layperson."); Toombs v. Acute Care Consultants, Inc., 326 Ga. App. 356, 358 (2014) ("In order to survive the Defendants' motion for summary judgment on her medical malpractice claim, Toombs had to present expert testimony that the Defendants deviated from the applicable standard of care.").

[23]     See Celotex, 477 U.S. at 323 ("The moving party is 'entitled to a judgment as a matter of law' [when] the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof.").